[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2009
THOMAS K. KAHN
CLERK

No. 09-10343
Non-Argument Calendar
_____

D.C. Docket No. 07-00284-CV-5-RS-MD

TERENCE C. EVERETT,

Plaintiff-Appellee,

versus

JONATHAN P. SMITH,
MATT VICKERY,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 21, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

The district court denied the motion for summary judgment grounded upon

qualified immunity filed by the Defendants Jonathan P. Smith and Matt Vickery.

Smith and Vickery appeal. They contend: (1) that the district court erred in concluding that a fact-finder could find, viewing the facts in the light most favorable to the Plaintiff, that the excessive force used by Smith and Vickery in making the arrest violated the Fourth Amendment; and (2) that the district court erred in concluding that the Fourth Amendment right to be free from the use of such force was clearly established. We address each issue in turn.

The district court's opinion recites the facts, viewing them in the light most favorable to the Plaintiff. (R.2-71.) "In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we have discretion to accept the district court's findings if they are adequate." *Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996) (citation omitted). Here, we exercise our discretion to accept the district court's factual findings for the purposes of this appeal.

Considering first the constitutional issue, the district court held that "believing Plaintiff's story, I find that the force of slamming Plaintiff to the ground after placing him in a choke-hold and kicking him in the face while on the ground after he had submitted to being handcuffed and was compliant was disproportionate to the need for that force." (R.2-71 at 9.) We find no error in this holding.

2

Turning now to the clearly-established prong of the qualified immunity defense, we find no error in the district court's conclusion that a reasonable officer would know that under these circumstances the kind of force Smith and Vickery are said to have used violated the Fourth Amendment. In *Smith v. Mattox*, 127 F.3d 1416 (11th Cir.1997), we held that allegations that an officer broke a non-resisting arrestee's arm while handcuffing him were sufficient to allege excessive force in violation of the Fourth Amendment. *Id.* at 1419-20. After *Smith,* a reasonable officer would know that, when handcuffing a non-resisting arrestee, using force sufficient to cause the injuries described in the district court's opinion (R.2-71 at 2-3) was a violation of the Fourth Amendment.

We note that the facts of this case are hotly disputed. Thus, the issue of qualified immunity does not drop from the case, but must be revisited once the fact-finder decides what the true facts are.

AFFIRMED.[1]

---

[1] Appellee's motion for appellate attorney's fees is transferred to the district court for a determination of entitlement and reasonable attorney's fees to be awarded in the event that Appellee ultimately prevails in the action.